The Supreme Court affirmed the decision, of the Court below, on October 26th, 1874, in the following opinion,
Per Curiam.
The memorandum required by the act of 13th of April, 1838, P. L. 364; the sixth section of. which is made a part of the charter of this company, contained all the requirements of the *511 act. The assessments are not required to be set forth. The judgment was therefore regularly entered. Its purpose was to give notice of the lien created by the premium note upon the property insured. The assessments are necessarily subsequent to the creation of the lien, and only concern the execution, as between the company and the defendant in the judgment. We perceive no ground therefore on which the judgment shall be set aside in a Court of error. The 5th section of the act of March 25th, 1869, P. L. 531, does not relate to the mode of entering judgment, and is not a repeal of the sixth section of the act of 1838. Its purpose is to enable the company to furnish the evidences of the assessment where an action is brought on the note instead of a judgment entered under the act of 1838. There may he many reasons for proceeding by an action on the note, as for instance, in other counties than where the insured property is situate.
Judgment affirmed.